PORTELA, PLAINTIFF AND APPELLEE, *v.* SOCIETÉ ANONYME DES SUCRERIES DE SAINT JEAN, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in Injunction Proceedings.

No. 2157.—Decided July 27, 1921.

SERVITUDE—RIGHT OF WAY—ACKNOWLEDGMENT.—The two properties now belonging separately to the plaintiff and the defendant having formerly constituted a single property belonging to the same person, who had opened a road which he did not cause to be closed before he sold the property, and it not being stated in the deeds of sale that the road could not be used as a right of way, it is necessary to conclude that the plaintiff acquired a right of way over the said road. And the defendant acknowledged the servitude before refusing to let the plaintiff use the road by agreeing with him to change the road which in part was substituted by another road six meters wide, the plaintiff thus acquiring over the new road the same right of way which he had over the old road.

The facts are stated in the opinion.

*Mr. F. González* for the appellee.

*Mr. H. G. Molina* for the appellant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal taken by the defendant, Societé Anonyme des Sucreries de Saint Jean, from a judgment of the District Court of Humacao of June 28, 1919, granting an injunction in an action brought by Manuel Portela Cabezudo against the said defendant and adjudging that the defendant, its agents, employees, servants and all persons acting under its instructions, orders or commands should refrain from closing and obstructing the road in litigation, and also that the defendant, its agents, employees, servants and all persons acting under its instructions should do nothing to prevent the plaintiff or his employees or agents from using the said road, and should permit the use and enjoyment of the said road by the plaintiff or his employees or agents.

In its opinion in support of the judgment the court found the following facts:

The plaintiff is the owner of a farm property in the ward of Bairoa, formerly known as Caguitas, of the municipality of Caguas, composed of 141.95 acres, more or less, as described in the complaint. The property is recorded in the Registry of Property of Caguas and originally belonged to Fernando Plá, the owner of a larger property of which the said property was a part.

The defendant is the owner of another farm property in the same ward of Bairoa of an equal area of 141.95 acres, more or less, as described in the complaint. This property is recorded in the Registry of Property of Caguas in the name of the defendant and, like the property of the plaintiff, also originally belonged to Fernando Plá.

The property of Plá known as Colón, of which the two said properties were parts, had an area of 283.90 acres with the boundaries described in the complaint, and Fernando Plá acquired it by purchase from Salvador Más y Parés, José Más y Gelpí and Dolores Más y Gelpí by a public deed of January 10, 1906, after which and by a deed of March 15, 1906, Plá segregated from the said property and sold to Milton Y. Durlach the part now belonging to the plaintiff and then sold the remainder to Eugenio Fichet, who sold it to the defendant on May 16, 1907.

Many years before the defendant purchased the property, or when that property and the plaintiff's property belonged to Salvador Más as a single property, Más established a road running from the center of the property towards the south and terminating at the old highway from Caguas to Humacao, and the said road was not closed before the sale, nor was it stated in the deeds of sale that it should not be used as a right of way.

When the defendant purchased the property it constructed a sugar factory thereon, and as the said road passed among the factory buildings, the defendant agreed with the then owner of the plaintiff's land to move the said road more

towards· the east, which was actually done, the defendant opening a macadamized road through the eastern part of its property about six meters wide running from the southern boundary line of the plaintiff's property to the northern boundary line of the defendant's property and continuing south to the old highway from Caguas to Humacao. On the said road the defendant built several culverts and planted coconut palms on each side, so that the new road was perfectly delineated and is at present in the same condition, with the same signs, directions and landmarks.

· The said road has been closed by a fence which prevents the plaintiff and his employees from using the road and the employees of the defendant refuse to allow passage over it by the plaintiff and his employees.

·Taking as a basis the foregoing findings of fact, the court said:

"The right of the plaintiff is based on section 548 of the Civil Code of Porto Rico (section 541 of the Spanish Civil Code), which reads as follows:

" 'The existence of any apparent sign of servitude between two · tenements established by the owner of both of them, shall be considered, if one of them be alienated, as a title, in order that the servitudes may continue actively and passively, unless, at the time of the division of the ownership of both tenements, the contrary be expressed in the deed of conveyance of either of them, or if the said sign is removed before the execution of such instrument.'

"The provisions of that statute are so clear that they leave no room for doubt, but if there should be any it is dispelled by the clear· language of the luminous commentaries on this section by Scaevola in volume 10 of his Commentaries on the Civil Code. The sign is equivalent to the title of servitude, and if this existed when the property was divided and afterwards the defendant agreed to change the road, the defendant acknowledged the servitude and can not now deny it in any manner, nor prevent the plaintiff, as the owner of his property, from availing himself of his right.

"The defendant can not oppose the right of the plaintiff, because the defendant changed the road and put it in condition to be used

by the dominant tenement, delineating and marking it with unchangeable and ostensible signs. *Vélez et al.* v. *Guánica Centrale,* decided by the Supreme Court of Porto Rico on December 20, 1918.''

The appellant assigns the commission of various errors by the court below, all of which are said to raise only one question of law, that is, whether the plaintiff has a right to the alleged servitude by virtue of the provisions of section 548 of the Civil Code.

The court below copied that section into its opinion, and examining it in connection with the findings, against which there is no formal or specific assignment of error, we are of the opinion that the said section was properly applied in the decision of the case.

If the two properties now belonging to the plaintiff and the defendant formerly constituted a single property belonging to Más and he, for reasons of utility, opened a road running from the center of the property towards the south and terminating at the old highway from Caguas to Humacao, and that road was not closed before the sale, and it was not stated in the deeds of sale that the road should not be used as a right of way, it follows as a consequence that there being an apparent sign of servitude between the properties now belonging to the plaintiff and the defendant, established by Más when he owned both properties, the plaintiff, in purchasing from Más the property now belonging to him, acquired an indisputable right of way over the said road which Más had already opened when he sold to the plaintiff a portion of the property wherein the road existed for its use. There could be no better apparent, visible and ostensible sign of the right of way than the existence of the road itself. In commenting on section 541 of the said Code (section 548 of our Code) Manresa expresses himself as follows:

''The judgments of September 14, 1867, July 10, 1880, June 7, 1883, October 21, 1892, and June 26, 1893, hold that when two properties having between them any established service or servitude are

separated, or when a property is divided between two different persons, without stipulating a manner of use different from that practiced by the owner of both, or of the whole, the service or servitude is considered as subsisting; and the apparent sign of the said servitude is a title for-its continuation, unless at the time of the division of the ownership of the two properties the contrary is expressed." 4 Manresa, Commentaries on the Civil Code, page 614.

When Más sold from the whole Colón property the part now belonging to the plaintiff, there was a road established for the service of the property from which the segregation was made and that service subsisted in favor of the grantee.

That right of way was not acquired by virtue of any agreement, but by operation of the law under section 548 of the Civil Code. But it can not be denied that the defendant acknowledged the plaintiff's right in agreeing with him to change the road and substitute it by another road six meters wide with various culverts and bordered by coconut palms, the plaintiff thereupon acquiring over the new road the same right which he had over the original road.

By virtue of that agreement, which is shown by the evidence, the defendant was estopped from opposing the right acquired by the plaintiff from the moment that the defendant changed the road and put it in a condition to be used by the dominant tenement, delineating it and marking it with unchangeable and ostensible signs. *Vélez et al.* v. *Guánica Centrale,* 26 P. R. R. 724.

The jurisprudence laid down by this court in *Torres et al.* v. *Plazuela Sugar Company,* 24 P. R. R. 451, is not applicable to this case, for the facts therein involved are very different from those which originated this case.

For the foregoing reasons it is necessary to conclude that in purchasing the portion of the property described in the complaint the plaintiff acquired it with the clear and apparent right of way existing over the parcel now belonging to the defendant.

The judgment appealed from must be

*Affirmed.*

Justices Wolf, Del Toro, Aldrey and Hutchison concurred.